Michael Paul WATSON, Petitioner,

v.

Brig. Gen. BIRDSONG, Post Commander, United States Armed Forces, Fort Campbell, Kentucky, Stanley R. Resor, Secretary of the Army, Respondents.

Civ. A. No. 6673.

United States District Court,
W. D. Kentucky,
Louisville Division.

Sept. 18, 1970.

Jerrold L. Becker, Louisville, Ky., for petitioner.

George J. Long, U. S. Atty., Kenneth J. Tuggle, First Asst. U. S. Atty., Louisville, Ky., for respondents.

## MEMORANDUM AND ORDER

JAMES F. GORDON, Chief Judge.

Petitioner Watson is a member of the United States Army. Respondent Birdsong is the Post Commmander, Fort Campbell, Kentucky, and as such has custody over the person of petitioner. On July 16, 1970, Watson filed in this Court a petition for a writ of habeas corpus in which he seeks release from the Army on the ground that his local draft board classified him illegally. We ordered repondent to show cause why the writ should not be granted, and in his response filed September 11, 1970, respondent has moved this Court to dismiss the petition.

The following chronology should contribute to an understanding of the issues raised in this case.

24 July 1968: Watson classified I–A.

10 September 1969: First induction notice sent to Watson.

23 September 1969: Induction order cancelled.

25 September 1969: Local Board No. 180 refuses to reopen classification to consider Watson's hardship claim.

12 November 1969: Watson files Apprentice Deferment Request with Local Board.

24 November 1969: Watson notified of Board's refusal to reopen his classification.

19 December 1969: Board again refuses to reopen Watson's classification.

16 April 1970: Second induction notice mailed to Watson.

22 April 1970: Watson comes to Local Board office to talk about his case. Told to come for a courtesy hearing on 29 April.

23 April 1970: Executive Order No. 11527 signed by President Nixon.

29 April 1970: Watson apparently did not appear for courtesy hearing.

25 May 1970: Watson inducted.

In his Memorandum of Law in support of his petition for writ of habeas corpus Watson makes two arguments. First, he contends that the documents he filed with Local Board No. 180 in November and December, 1969, established a prima facie case for a II–A classification, and that the Local Board therefore abused its discretion when it refused to reopen his classification. In support of this proposition he cites Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). Alternatively, Watson contends that his Local Board did in fact reopen his classification, and that he was denied the rights of an appearance before the Local Board and of an administrative appeal to which he was therefore entitled.

*Mulloy*, of course, is now the leading case on the subject of the amount of discretion permitted local boards by 32 C.F.R. § 1625.2. Following receipt of his I–A classification Mulloy filed with his Local Board the Special Form for Conscientious Objectors (SSS Form 150) and other supporting documents. The Board refused to reopen his case and ordered him to report for induction. Mulloy's refusal to submit to induction resulted in his conviction under 50 U.S.C. App. § 462(a). The Supreme Court reversed, holding, first, that a local board abuses its discretion whenever it refuses to reopen the case of a registrant who presents new facts that establish a prima facie case for a new classification, and, second, that Mulloy had in fact established a prima facie case for an I–O classification. For reasons that appear below, we think that *Mulloy* is inapposite here.

The regulations governing the II–A classification, 32 C.F.R. §§ 1622.22 et seq., start with the proposition that only those persons whose employment is "necessary to the maintenance of the national health, safety, or interest" are entitled to II–A deferments. In defining "necessary employment" the regulations distinguish between trained workers and apprentices. *Compare* 32 C.F.R. 1622.23(a) *with* 32 C.F.R. 1622.23(b). Subsection (a) provides that if certain conditions, not relevant here, are satisfied, the *registrant's* employment *shall* be considered to be "necessary employment". On the other hand, subsection (b) provides that if certain conditions, not relevant here, are satisfied, the *apprentice's* activity in a training program *may* be considered to be "necessary employment". Furthermore, this language of subsection (b) relating to apprentices is repeated in 32 C.F.R. § 1622.23a(f). We therefore conclude that under the applicable regulations local boards *may* refuse to grant II–A deferments to persons enrolled in apprentice training programs, even if all the requirements relating to participation in such programs are met.

Standing in sharp contrast to the Regulations discussed in the preceding paragraph is the legislation governing conscientious objectors. 50 U.S.C. App. § 456(j) *does not vest any discretion* in local boards. If a registrant meets the requirements of section 456(j), he is entitled to a conscientious objector classifi-

cation as a matter of law. Thus, a registrant who has presented new facts that satisfy the requirements of section 456 (j) has established a prima facie case for a new classification. However, a registrant who proves that he is enrolled in an apprentice training program has not established a prima facie case for a new classification, since the local board could, in its discretion, nevertheless refuse him a II–A deferment. We therefore hold that Watson's Local Board did not abuse its discretion when it refused to reopen his case.

Petitioner's alternative contention is similarly without merit. There is no evidence that the Board evaluated Watson's substantive claims. The Regulations then in force permitted the Board to deny Watson a II–A deferment regardless of what he proved or offered to prove concerning his apprentice status, and we suspect that it did just that and no more.

Although the point was not developed by petitioner in his Memorandum, we feel compelled to comment upon the possible effect on petitioner's case of Executive Order No. 11527, signed by President Nixon on April 23, 1970. Since the effective date of the Order was a week after Watson's induction notice was sent, we believe that the provisions of the Order by which apprentice deferments apparently were *made mandatory* could not be held to apply to petitioner. In addition, assuming without deciding that Executive Order No. 11527 might have constituted grounds, within the discretion of Local Board No. 180, for reopening petitioner's case, we note that petitioner did not comply with the written request requirement of 32 C.F.R. § 1625.-2. And we do not believe that the Board abused its discretion in failing to reopen the case on its own motion, since petitioner did not accept the opportunity to further discuss his situation with the Board on April 29, 1970.

The petition for the writ of habeas corpus is Dismissed.